UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CIPRIANO ALARCON-GALVEZ,

Petitioner,

v.

CHRISTOPHER LAROSE; DANIEL A. BRIGHTMAN; TODD M. LYONS; KRISTI NOEM; PAMELA BONDI; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

Case No.: 3:26-cv-931-JES-MMP

**ORDER FOR BOND HEARING**

Before the Court is Petitioner Cipriano Alarcon-Galvez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Before the Court issued an Order to Show Cause, Respondents filed a return. ECF No. 1. In the return, Respondents acknowledged that Petitioner must be considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). Accordingly, the Court **GRANTS IN PART** the petition as follows:

//

1

3:25-cv-3671-JES-BLM

(1)   The Court **ORDERS** Respondents to provide Petitioner with a bond determination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2); and

(2)   Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing with a copy of the immigration judge's bond order.

(3)   To preserve the Court's jurisdiction pending final resolution of this matter, Petitioner shall not be removed from the United States or this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (finding that federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

//

//

2

3:25-cv-3671-JES-BLM

Pending the status report, the Court will hold in abeyance the merits of the remainder of the relief Petitioner requests in his petition.

**IT IS SO ORDERED.**

Dated: February 18, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3:25-cv-3671-JES-BLM